UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARIA CANALES,

         *Plaintiff*,     Case No. 2:25-cv-00354

     v.          **ANSWER**

HSDY LLC d/b/a VINCENT'S PIZZERIA and
YUEH CHIN CHUNG,

         *Defendants*.
-----------------------------------------------------------------X

   Defendants HSDY LLC d/b/a VINCENT'S PIZZERIA ("Vincent's Pizzeria") and

YUEH CHIN CHUNG ("Defendant Chung"), (collectively "Defendants"), by and through their

undersigned attorneys, hereby provide their answer and affirmative defenses to the Complaint of

Plaintiff MARIA CANALES ("Plaintiff"), and state as follows:

**AS TO "NATURE OF THE ACTION"**

   1.  Defendants admit to the extent that Vincent's Pizzeria is located in Albertson,

New York, but otherwise deny the remainder of the allegations in Paragraph 1 of the Complaint.

   2.  Defendants deny the allegations in Paragraph 2 of the Complaint.

   3.  Defendants admit to the extent that Plaintiff seeks recovery under various state

and federal statutes but otherwise deny the remainder of the allegations in Paragraph 3 of the

Complaint.

**AS TO "JURISDICTION AND VENUE"**

4.      Defendants admit to the extent that Plaintiff brings this action under various state and federal statutes but otherwise deny the remainder of the allegations in Paragraph 4 of the Complaint.

5.      Defendants state that the allegations set forth in Paragraph 5 of the Complaint state legal conclusions that do not require a response.

6.      Defendants state that the allegations set forth in Paragraph 6 of the Complaint state legal conclusions that do not require a response. To the extent an answer is deemed necessary, Defendants deny the allegations in Paragraph 6 of the Complaint.

7.      Defendants state that the allegations set forth in Paragraph 7 of the Complaint state legal conclusions that do not require a response.

## AS TO "PARTIES"

8.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint.

9.      Defendants admit the allegations in Paragraph 9 of the Complaint.

10.     Defendants admit the allegations in Paragraph 10 of the Complaint.

## AS TO "FACTUAL ALLEGATIONS"

**Defendant HSDY LLC d/b/a Vincent's Pizzeria**

11.     Defendants admit to the extent that Vincent's Pizzeria conducts business at the referenced but deny the remainder of the allegations in Paragraph 11 of the Complaint.

12.     Defendants state that the allegations set forth in Paragraph 12 of the Complaint state legal conclusions that do not require a response. To the extent an answer is deemed necessary, Defendants deny the allegations in Paragraph 12 of the Complaint.

13.     Defendants state that the allegations set forth in Paragraph 13 of the Complaint state legal conclusions that do not require a response. To the extent an answer is deemed necessary, Defendants deny the allegations in Paragraph 13 of the Complaint.

14.     Defendants deny the allegations in Paragraph 14 of the Complaint.

15.     Defendants deny the allegations in Paragraph 15 of the Complaint.

16.     Defendants state that the allegations set forth in Paragraph 16 of the Complaint state legal conclusions that do not require a response. To the extent an answer is deemed necessary, Defendants deny the allegations in Paragraph 16 of the Complaint.

**Defendant Yueh Chin Chung**

17.     Defendants deny the allegations in Paragraph 17 of the Complaint.

18.     Defendants deny the allegations in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations in Paragraph 19 of the Complaint.

20.     Defendants deny the allegations in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations in Paragraph 30 of the Complaint.

31.    Defendants deny the allegations in Paragraph 31 of the Complaint.

32.    Defendants state that the allegations set forth in Paragraph 32 of the Complaint state legal conclusions that do not require a response. To the extent an answer is deemed necessary, Defendants deny the allegations in Paragraph 32 of the Complaint.

**Defendants Constitute Joint Employers**

33.    Defendants deny the allegations in Paragraph 33 of the Complaint.

34.    Defendants deny the allegations in Paragraph 34 of the Complaint.

35.    Defendants deny the allegations in Paragraph 35 of the Complaint.

36.    Defendants state that the allegations set forth in Paragraph 36 of the Complaint state legal conclusions that do not require a response. To the extent an answer is deemed necessary, Defendants deny the allegations in Paragraph 36 of the Complaint.

**Plaintiff Maria Canales**

37.    Defendants state that the allegations set forth in Paragraph 37 of the Complaint state legal conclusions that do not require a response. To the extent an answer is deemed necessary, Defendants deny the allegations in Paragraph 37 of the Complaint.

38.    Defendants deny the allegations in Paragraph 38 of the Complaint.

39.    Defendants deny the allegations in Paragraph 39 of the Complaint.

40.    Defendants deny the allegations in Paragraph 40 of the Complaint.

41.    Defendants deny the allegations in Paragraph 41 of the Complaint.

42.    Defendants deny the allegations in Paragraph 42 of the Complaint.

43.    Defendants deny the allegations in Paragraph 43 of the Complaint.

44.    Defendants deny the allegations in Paragraph 44 of the Complaint.

45.    Defendants deny the allegations in Paragraph 45 of the Complaint.

46.   Defendants deny the allegations in Paragraph 46 of the Complaint.

47.   Defendants deny the allegations in Paragraph 47 of the Complaint.

48.   Defendants deny the allegations in Paragraph 48 of the Complaint.

49.   Defendants deny the allegations in Paragraph 49 of the Complaint.

50.   Defendants deny the allegations in Paragraph 50 of the Complaint.

51.   Defendants deny the allegations in Paragraph 51 of the Complaint.

52.   Defendants state that the allegations set forth in Paragraph 52 of the Complaint state legal conclusions that do not require a response. To the extent an answer is deemed necessary, Defendants deny the allegations in Paragraph 52 of the Complaint.

53.   Defendants deny the allegations in Paragraph 53 of the Complaint.

54.   Defendants deny the allegations in Paragraph 54 of the Complaint.

55.   Defendants deny the allegations in Paragraph 55 of the Complaint.

56.   Defendants deny the allegations in Paragraph 56 of the Complaint.

57.   Defendants state that Paragraph 57 of the Complaint contains a conclusion of law that requires no response. Further answering, Defendants deny that Plaintiff is entitled to any relief under any statute or law as set forth in Paragraph 57 of the Complaint.

### AS TO "COUNT I"
### "VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201 ET. SEQ.
### FAILURE TO COMPENSATE FOR OVERTIME"

58.   Defendants repeat and reallege all paragraphs contained above in paragraph "1" through "57" inclusive of this Answer with the same force and effect as if fully set forth herein.

59.   Defendants state that Paragraph 59 of the Complaint contains a quotation of law that requires no response. Defendants respectfully refer to the Court the legal authority cited for its full force and effect.

60. Defendants state that the allegations set forth in Paragraph 60 of the Complaint state legal conclusions that do not require a response. To the extent an answer is deemed necessary, Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Defendants state that the allegations set forth in Paragraph 61 of the Complaint state legal conclusions that do not require a response. To the extent an answer is deemed necessary, Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants state that the allegations set forth in Paragraph 63 of the Complaint state legal conclusions that do not require a response.

64. Defendants state that Paragraph 64 of the Complaint contains a quotation of law that requires no response. Defendants respectfully refer to the Court the legal authority cited for its full force and effect.

65. Defendants state that the allegations set forth in Paragraph 65 of the Complaint state legal conclusions that do not require a response. To the extent an answer is deemed necessary, Defendants deny the allegations in Paragraph 65 of the Complaint.

66. Defendants state that Paragraph 66 of the Complaint contains a quotation of law that requires no response. Defendants respectfully refer to the Court the legal authority cited for its full force and effect.

67. Defendants state that the allegations set forth in Paragraph 67 of the Complaint state legal conclusions that do not require a response. To the extent an answer is deemed necessary, Defendants deny the allegations in Paragraph 67 of the Complaint.

68. Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Defendants deny the allegations in Paragraph 69 of the Complaint.

70.     Defendants state that Paragraph 70 of the Complaint contains a conclusion of law that requires no response. Further answering, Defendants deny that Plaintiff is entitled to any relief under any statute or law as set forth in Paragraph 70 of the Complaint.

### AS TO "COUNT II"
### "VIOLATION OF THE NEW YORK LABOR LAW
### ARTICLE 19
### FAILURE TO PAY OVERTIME"

71.     Defendants repeat and reallege all paragraphs contained above in paragraph "1" through "70" inclusive of this Answer with the same force and effect as if fully set forth herein.

72.     Defendants state that the allegations set forth in Paragraph 72 of the Complaint state legal conclusions that do not require a response. To the extent an answer is deemed necessary, Defendants deny the allegations in Paragraph 72 of the Complaint.

73.     Defendants state that the allegations set forth in Paragraph 73 of the Complaint state legal conclusions that do not require a response. To the extent an answer is deemed necessary, Defendants deny the allegations in Paragraph 73 of the Complaint.

74.     Defendants state that Paragraph 74 of the Complaint contains a quotation of law that requires no response. Defendants respectfully refer to the Court the legal authority cited for its full force and effect.

75.     Defendants state that the allegations set forth in Paragraph 75 of the Complaint state legal conclusions that do not require a response. To the extent an answer is deemed necessary, Defendants deny the allegations in Paragraph 75 of the Complaint.

76.     Defendants state that the allegations set forth in Paragraph 76 of the Complaint state legal conclusions that do not require a response. To the extent an answer is deemed necessary, Defendants deny the allegations in Paragraph 76 of the Complaint.

77.     Defendants deny the allegations in Paragraph 77 of the Complaint.

78.    Defendants deny the allegations in Paragraph 78 of the Complaint.

79.    Defendants deny the allegations in Paragraph 79 of the Complaint. Further answering, Defendants deny that Plaintiff is entitled to any relief under any statute or law as set forth in Paragraph 79 of the Complaint.

**AS TO "COUNT III"**
**"VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 6 AND 19**
**FAILURE TO PAY SPREAD OF HOURS COMPENSATION"**

80.    Defendants repeat and reallege all paragraphs contained above in paragraph "1" through "79" inclusive of this Answer with the same force and effect as if fully set forth herein.

81.    Defendants deny the allegations in Paragraph 81 of the Complaint.

82.    Defendants deny the allegations in Paragraph 82 of the Complaint.

83.    Defendants deny the allegations in Paragraph 83 of the Complaint. Further answering, Defendants deny that Plaintiff is entitled to any relief under any statute or law as set forth in Paragraph 83 of the Complaint.

**AS TO "COUNT IV"**
**"VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES"**

84.    Defendants repeat and reallege all paragraphs contained above in paragraph "1" through "83" inclusive of this Answer with the same force and effect as if fully set forth herein.

85.    Defendants deny the allegations in Paragraph 85 of the Complaint.

86.    Defendants deny the allegations in Paragraph 86 of the Complaint.

87.    Defendants deny the allegations in Paragraph 87 of the Complaint. Further answering, Defendants deny that Plaintiff is entitled to any relief under any statute or law as set forth in Paragraph 87 of the Complaint.

## AS TO "COUNT V"
## "VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS"

88.    Defendants repeat and reallege all paragraphs contained above in paragraph "1" through "87" inclusive of this Answer with the same force and effect as if fully set forth herein.

89.    Defendants deny the allegations in Paragraph 89 of the Complaint.

90.    Defendants deny the allegations in Paragraph 90 of the Complaint.

91.    Defendants deny the allegations in Paragraph 91 of the Complaint. Further answering, Defendants deny that Plaintiff is entitled to any relief under any statute or law as set forth in Paragraph 91 of the Complaint.

## AS TO "PRAYER FOR RELIEF"

Defendants admit only to the extent that Plaintiff purports to seek judgment against Defendants for the relief referenced in the "WHEREFORE" Paragraph of the Complaint, but otherwise deny the allegations in this "WHEREFORE" Paragraph of the Complaint. Further answering, Defendants deny that Plaintiff is entitled to any relief under any statute or law as set forth in the "WHEREFORE" Paragraph of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burdens of production or proof that, pursuant to law, belongs to Plaintiff. Defendants reserve the right to amend their answer and to assert any additional defenses as may become available or apparent during the course of this litigation.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred because Defendants at all times acted in good faith, and all actions taken with regard to Plaintiff were taken for lawful business reasons.

## THIRD DEFENSE

Defendants have acted in good faith and have not violated any rights that may be secured to Plaintiff under any federal, state, or local laws, rules, regulations and guidelines.

## FOURTH DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff was paid all sums which may have been due to him under the applicable laws and their corresponding regulations.

## FIFTH DEFENSE

Plaintiff was barred from recovering based on equitable doctrines, including, without limitation, laches, unclean hands, waiver, and/or estoppel, and prior administrative proceedings.

## SIXTH DEFENSE

Defendants have met and satisfied any and all obligations to Plaintiff that arose out of and during his employment and, therefore, this action is barred, in whole or in part, by the doctrine of accord and satisfaction.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the individually named Defendant was not the employers of Plaintiff, was not the cause of Plaintiff's purported damages, and otherwise is not a proper party to this lawsuit or individually liable for the claims alleged by Plaintiff.

**EIGHTH DEFENSE**

Defendants' actions regarding payroll practices and compliance with the Fair Labor Standards Act and New York Labor Law were in good faith and Defendants had reasonable grounds for believing their actions were in compliance with the statutes.

**NINTH DEFENSE**

Although Defendants deny that they owe any unpaid wages or other amounts to Plaintiff, if it is determined that such monies are owed, then Defendants assert that at all times relevant to this action a reasonable good faith dispute existed as to whether such wages or other amounts were owed.

**TENTH DEFENSE**

Although Defendants deny that they owe any unpaid wages or other amounts to Plaintiff, if it is determined that such monies are owed, Plaintiff is not entitled to liquidated damages because Defendants' actions with respect to the method of paying Plaintiff were taken in good faith.

**ELEVENTH DEFENSE**

The Court should not exercise subject matter jurisdiction, whether original, pendent or supplemental jurisdiction, over Plaintiff's non-federal claims and, consequently, should dismiss Plaintiff's non-federal claims for lack of subject matter jurisdiction.

**TWELFTH DEFENSE**

To the extent payments were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor and/or New York Department of Labor, Defendants cannot be liable for relief or recovery.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to their respective principal activities.

## FOURTEENTH DEFENSE

This action is barred, in whole or in part, as to all hours alleged worked by Plaintiff of which Defendants lacked actual or constructive knowledge.

## FIFTEENTH DEFENSE

Defendants have not willfully failed to pay Plaintiff any wages and/or monies claimed due, and there is a bona fide, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due.

## SIXTEENTH DEFENSE

To the extent liability under the FLSA is established, Plaintiff's claims are subject to a two-year statute of limitations pursuant to 29 U.S.C. §255(a) as Defendants neither knew of any conduct that was prohibited by statute nor showed reckless disregard about whether it was.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred because he was not a covered employee within the meaning of FLSA.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred because recovery of cumulative liquidated damages under both FLSA and New York State law is not allowed under applicable law.

**NINETEENTH DEFENSE**

Plaintiff's claims should be dismissed to the extent that they are barred by applicable statutes of limitation.

**TWENTIETH DEFENSE**

Plaintiff's claim for failure to provide them with wage notices (Fourth Cause of Action) and for failure to provide them with wage statements (Fifth Cause of Action) are barred because Plaintiffs lack standing under Article III of the Constitution to pursue these claims as Plaintiff suffered no injury in fact.

**TWENTY-FIRST DEFENSE**

Plaintiff's claim for damages for failure to provide her with wage notice pursuant to Section 195(1) of NYLL is barred because (i) Defendants made complete and timely payment of all wages due to Plaintiff or (ii) Defendants reasonably believed in good faith that it was not required to provide Plaintiff with notice pursuant to Section 195 of NYLL. *See* N.Y. Labor Law § 198(1-b).

**TWENTY-SECOND DEFENSE**

Plaintiff's claim for damages for failure to provide her with wage statements pursuant to Section 195(3) of NYLL is barred because (i) Defendants made complete and timely payment of all wages due to Plaintiff or (ii) Defendants reasonably believed in good faith that it was not required to provide the employee with statements pursuant to Section 195 of NYLL. See N.Y. Labor Law § 198(1-d).

**RESERVATION OF RIGHTS**

Defendants reserve the right to raise additional affirmative and other defenses that may subsequently become or appear applicable to Plaintiff's claims.

**WHEREFORE**, Defendants respectfully request judgment dismissing the Complaint with prejudice and such other relief as this Court deems just and proper.

<u>**JURY TRIAL DEMAND**</u>

Defendants request a jury trial on all issues so triable in this action.

Dated: March 25, 2025
      Flushing, New York

                    HANG & ASSOCIATES, PLLC.

                       */s/ Ge Qu*
                    Ge Qu, Esq.
                    136-20 38th Ave., Suite 10G
                    Flushing, NY 11354
                    Tel: 718.353.8588
                    rqu@hanglaw.com
                    *Attorneys for Defendants*

TO:
Keith E. Williams, Esq.
The NHG Law Group, P.C.
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
keith@nhglaw.com
*Attorneys for the Plaintiff*